IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATALIE MEDCALF, | ) |
| Plaintiff, | ) Cause No.: 1:21-cv-2421 |
| vs. | ) |
| DAYTON FREIGHT LINES, INC., | ) |
| Defendant, | ) |

**COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Plaintiff, Natalie Medcalf, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Natalie Medcalf, is a resident of Johnson County in the State of Indiana and a former employee of Defendant.

2. Defendant, Dayton Freight Lines, Inc. (hereinafter referred to as "Dayton Freight" or "Defendant"), is an employer as defined by 42 U.S.C. §12101, *et. seq*. and 42 U.S.C. § 2000e, *et. seq*. and conducts business in the State of Indiana.

3. Ms. Medcalf invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff began her employment with Defendant on or about August 2017 as part-time maintenance support.

6. On or around August 2018, Plaintiff was asked to work third shift for a period of three (3) months in order to train Travis Sparks to be the new third shift supervisor.

7. On or around January 2019, Sparks was moved to first shift as a supervisor and Plaintiff was made a full-time employee but received no pay increase, but was promised a third shift supervisor position.

8. At this time, Plaintiff was asked to train an employee (Paul Vanes) to cover her job duties so that she could concentrate on handling supervisor responsibilities.

9. Over the next several months, Plaintiff was subjected to several unwanted comments of a sexual nature, including that she belonged in the kitchen and not a diesel shop, and that she was having sex in the parking lot.

10. Plaintiff reported these comments to her manager and supervisors, but nothing was done.

11. Defendant further allowed its male employees to use the women's restroom that Plaintiff used, thereby allowing men to walk in on her while she was using the facility, and her walking in on men while they were urinating.

12. After Plaintiff reported this to her manager and supervisors, the behavior only intensified and male employees taunted her and called her a *tattle tale*.

13. On September 8, 2010, after Plaintiff complained about the feces incident and restroom issues, she received an email from Defendant's parts manager, Brennen Sellars, assigning her janitorial duties.

14. The following Friday, Sellars became agitated with Plaintiff because she was not cleaning and he started slamming parts into wooden bins.

15. Sellars behavior resulted in Plaintiff having a five (5) anxiety attacks, the last one of which caused Plaintiff to become dizzy and fall down the stairs of her apartment, resulting in a torn gastric soleus muscle.

16. Plaintiff's injury required her to wear a boot and use crutches for twelve (12) weeks, and despite an abundance of light duty work, Plaintiff was not allowed to work due to restrictions.

17. When Plaintiff did return to work in January 2021, the hostile work environment intensified as Plaintiff's male coworkers complained that they would not be allowed to use the women's restroom, and on one occasion an employee smeared feces on the toilet seat in the women's restroom.

18. Plaintiff filed a charge of discrimination with the Equal Opportunity Commission wherein he alleged discrimination and retaliation under the Americans with Disabilities Act of 1990 42 U.S.C. § 12101 (ADA) and Title VII of the Civil Rights Act of 1964, charge number 470-2020-00920, on or about December 29, 2020.

19. The Equal Employment Opportunity Commission issued Plaintiff a Right-to-Sue letter on July 6, 2021.

COUNT I
ADA

20. Plaintiff incorporates by reference paragraphs one through twenty (20) of her complaint for damages.

21. Plaintiff suffers from a disability and/or a perceived disability as defined by the Americans with Disabilities Act, in that she tore a muscle in her leg that affected her daily life activities.

22. The Defendant is aware Plaintiff's disability and/or perceived disability and has refused and/or failed to provide reasonable accommodation when Plaintiff presented Defendant with her restrictions.

23. Plaintiff is able to perform the essential functions of her job with a reasonable accommodation.

24. The Defendant was motivated by Plaintiff's disability and/or perceived disability when it refused to honor her reasonable accommodation and/or investigate her complaints of harassment.

25. Defendant has created a hostile work environment for the Plaintiff and has treated employees outside Plaintiff's protected class more favorably.

26. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

COUNT II
SEXUAL HARASSMENT

27. Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26) above.

28. Plaintiff has been continuously subjected to unwanted comments based on her sex, including, but not limited to, comments that her place is in the kitchen and not in a diesel shop.

29. Plaintiff has been the victim of false accusations and innuendo regarding her sex, including, but not limited to, comments that she was having sex with drivers in the parking lot while at work.

30. Plaintiff has been discriminated against based on her sex by male coworkers who use the women's restroom, walk in on her, and then treat her in a hostile manner for complaining.

31. Plaintiff complained of sex-based discrimination and harassment, but the Defendant did nothing to stop the unwanted conduct.

32. By allowing its male employees to behave in the manner set forth herein, Defendant has subjected Plaintiff to a hostile work environment.

33. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, emotional distress and humiliation, attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, compensatory damages, reasonable attorney fees, costs and all other appropriate relief.

COUNT III
RETALIATION

34. Plaintiff incorporates by reference paragraphs one (1) through thirty-three (33) above.

35. Plaintiff complained of sex-based discrimination and harassment, but the Defendant did nothing to stop the unwanted conduct.

36. After Plaintiff complained of harassment, Defendant retaliated against Plaintiff by changing her job duties to require her to perform janitorial functions, and later refusing to allow her to return to work with her restrictions.

37. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, emotional distress and humiliation, attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, compensatory damages, reasonable attorney fees, costs and all other appropriate relief.

COUNT IV
FAILURE TO PROMOTE

38. Plaintiff incorporates by reference paragraphs one (1) through thirty-seven (37) above.

39. Plaintiff was asked to work third shift to train a male employee to be a supervisor.

40. In exchange for doing so, Defendant promised to promote Plaintiff to supervisor.

41. Plaintiff began to perform supervisory duties without receiving a pay increase.

42. Plaintiff then promoted a lesser qualified male to a supervisor position but failed to consider Plaintiff for the promotion despite her expressed interest.

43. The Defendant refused to consider Plaintiff for a supervisor position because of her sex, female.

44. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, emotional distress and humiliation, attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, compensatory damages, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

/s/ Paul J. Cummings
Paul J. Cummings, #22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

/s/ Paul J. Cummings
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road – Ste. B
Greenwood, Indiana 46142
(317) 885-0041
(888) 308-6503 Fax